IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. 1:19-cv-02909-MHC |
| HEBAH, INC., | ) |
| | ) |
|     Defendant. | ) |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

**(a) Describe briefly the nature of this action.**

This action arises under the Americans with Disabilities Act, codified at 42 U.S.C. § 12181, *et seq.* ("ADA").

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

On or about May 11, 2019 and November 18, 2019, Plaintiff was a customer at "Dairy Queen," a business located at 2561 Kennesaw Due West Road, N.W., Kennesaw Georgia 30144 (also referenced as 2561 Summer Street, Kennesaw Georgia 30144), Cobb County Property ID No. 20016700450 that is owned by

1

Defendant Hebah, Inc. ("Defendant'). Said business is situated upon real property that is owned Defendant. There, Plaintiff encountered barriers to his access of the Facility and Property (as defined in Plaintiff's Complaint, Doc. 1 at ¶¶10 and 12), engaged those barriers, and suffered legal harm and legal injury. Plaintiff alleges that the barriers he encountered violated the ADA and the ADAAG, and as a result, he is entitled to injunctive relief, attorney's fees and costs of litigation.

**Defendant's Summary:**

Plaintiff alleges that, on or about May 11, 2019 and November 18, 2019, he was a customer at a Dairy Queen business owned by Defendant Hebah, Inc. ("Defendant") located at 2561 Kennesaw Due West Road, N.W., Kennesaw, Georgia 30144. Plaintiff further alleges that he encountered barriers to his access of the Facility and Property (specifically the size of the bathroom and parking spaces) and suffered legal harm and injury when he encountered said alleged barriers. Defendant has seen no proof nor evidence that Plaintiff ever visited Defendant's Facility and/or Property prior to the date he filed his Complaint.

Furthermore, Defendant denies barriers to access exist on or within Defendant's Property and Facility that would prohibit Plaintiff from fully utilizing the goods and services located at Defendant's business. Therefore, Defendant denies any violations of the ADA or ADAAG, or that Plaintiff suffered any legal harm

and/or injury. To the extent there are architectural barriers to access the Facility and Property, which is specifically denied, no barriers could be removed by readily achievable or technically and/or economically feasible means or by readily available alternate methods or by any other reasonable accommodation that would **not** impose an undue burden or hardship.

**(c) The legal issues to be tried are as follows:**

1) Whether Defendant is subject to the requirements of 42 U.S.C. § 12181, *et seq*. ("ADA") and 28 C.F.R. Part 36 ("ADAAG");

2) Whether Defendant violated the ADA and the ADAAG;

3) Whether the 2010 ADAAG applies to Defendant;

4) Whether Plaintiff is entitled to injunctive relief;

5) Whether Defendant is liable to Plaintiff for attorney's fees and costs of litigation pursuant to 42 U.S.C. §§ 12188 and 12205.

**(d) The cases listed below are:**

**(1) Pending Related Cases:**

None. [Defendant contends that a Class Action Lawsuit entitled *Ghandi, et. al. v. Ehrlich, et. al.*, Case No. 1:19-cv-03511-SDG in the United States District Court of the Northern District of Georgia, Atlanta Division, Presiding Judge Steven D. Grimberg, which involves exactly the same claims,

actions, etc. here.] Plaintiff disputes that the *Ghandi et al. v. Ehrlich et al.* matter involves "exactly the same claims, actions etc. here" as stated by Defendant.

 **(2) Previously Adjudicated Related Cases:**

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

   \_\_\_ **(1) Unusually large number of parties**

   \_\_\_ **(2) Unusually large number of claims or defenses**

   \_\_\_ **(3) Factual issues are exceptionally complex**

   \_\_\_ **(4) Greater than normal volume of evidence**

   \_\_\_ **(5) Extended discovery period is needed**

   \_\_\_ **(6) Problems locating or preserving evidence**

   \_\_\_ **(7) Pending parallel investigations or action by the government**

   \_\_\_ **(8) Multiple use of experts**

   \_\_\_ **(9) Need for discovery outside United States boundaries**

   \_\_\_ **(10) Existence of highly technical issues and proof**

3. **Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

|  |  |
|---|---|
| Plaintiff: | Craig J. Ehrlich, Esq.<br>The Law Office of Craig J. Ehrlich, LLC<br>1123 Zonolite Road, N.E., Suite 7-B<br>Atlanta, Georgia 30306<br>Tel: (404) 365-4460<br>Fax: (855) 415-2480<br>craig@ehrlichlawoffice.com |
| Defendant: | E. Alan Miller, Esq.<br>William F. Prosch, III, Esq.<br>E. Alan Miller, P.C.<br>Martenson Hasbrouck & Simon LLP<br>3379 Peachtree Road, N.E., Suite 400<br>Atlanta, Georgia 30326<br>Tel: (404) 909-8117<br>Fax: (404) 909-8120<br>eamiller@martensonlaw.com<br>tprosch@martensonlaw.com |

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

No.

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY**

**(30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

(b) *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted.  Refer to Local Rule 7.2F.

8.  **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures. Plaintiff filed his initial disclosures on November 21, 2019 [Doc. 13], and amended said disclosures on December 16, 2019. [Doc. 15]. Defendant served its initial disclosures upon Plaintiff on December 12, 2019.

9.  **Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

10. **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery

**period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiff</u>:**

(a) Structural modifications, changes or alterations to the Facility and Property within the last five (5) years; (b) prior complaints, notices, demands or violations pertaining to the accessibility of the Facility and Property; (c) Defendant's ADA and ADAAG compliance procedures, if any; (d); Defendant's affirmative defenses; (e) prior building permits applied for and/or obtained by Defendant with regard to the Facility and Property.

**<u>Defendant</u>:**

(a) Plaintiff's deposition;

(b) Expert testimony to determine costs of any modifications and/or repairs to the Property and Facility that Plaintiff is requesting.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

None at this time.

**11.   Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b)  Is any party seeking discovery of electronically stored information?**

Yes, the parties anticipate that discovery will involve the exchange of electronically stored information ("ESI").

(1)   **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties do not anticipate that the amount of ESI that will be produced in discovery will be extensive. Counsel for the parties have agreed to limit the scope of production of relevant ESI in a manner that ensures thorough production yet imposes the least financial burden on the parties.

(2)   **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or**

**.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

All ESI shall be produced in .pdf format, served via either email or on disk. The parties do not anticipate the need for the production of ESI in native format or any metadata, but reserve the right to seek production in these formats if it becomes necessary.

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

None are anticipated at this time.

**13.     Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendants certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>November 18, 2019</u>, and that they participated in preliminary settlement discussions.**

| | |
|---|---|
| **For Plaintiff:** | Lead counsel (signature): |
| | <u>/s/Craig J. Ehrlich</u><br>Craig J. Ehrlich |
| **For Defendant:** | <u>/s/E. Alan Miller</u><br>E. Alan Miller |

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(   ) **A possibility of settlement, but a conference with the judge is needed**.

(   ) **No possibility of settlement**.

(c) **Counsel ( X ) do or (      ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  Settlement conferences are continuing.**

(d) **The following specific problems have created a hindrance to settlement of this case:**

None at this time.

14. **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) **The parties (      ) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

(b) **The parties (  X  ) do not consent to having this case tried before a**

**magistrate judge of this Court.**

Dated: December 16, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

/s/E. Alan Miller
E. Alan Miller
Georgia Bar No. 506569
William F. Prosch, III
Georgia Bar No. 713564
E. Alan Miller, P.C.
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Tel: (404) 909-8117 / Fax: (404) 909-8120
eamiller@martensonlaw.com
tprosch@martensonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically filed the foregoing Joint Preliminary Report and Discovery Plan with the Clerk of District Court, Northern District of Georgia via the Court Clerk's CM/ECF system, resulting in a

13

true and correct copy of the same to be served upon the following counsel of record via electronic mail:

E. Alan Miller, Esq.
E. Alan Miller, P.C.
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Fax: (404) 909-8120
eamiller@martensonlaw.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing Joint Preliminary Report and Discovery Plan has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich