**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAKOTA HOLT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 1:19-cv-02909-MHC |
| HEBAH, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## CONSENT DECREE

This Consent Decree (this "Agreement") is made and entered into by and between Dakota Holt ("Plaintiff"), and Hebah, Inc. ("Defendant")(Plaintiff and Defendant shall be collectively referenced as the "Parties"). This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

## PREAMBLE

**WHEREAS**, on June 25, 2019, Plaintiff asserted claims for injunctive relief against Defendant, based upon purported violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. ("ADA") and related claims for relief respecting the real property located at 2561 Kennesaw Due West Road, N.W., Kennesaw Georgia 30144 (also referenced as 2561 Summer Street, Kennesaw

1

Georgia 30144), Cobb County Property ID No. 20016700450 (the structure situated

upon such real property shall be referenced as the "Facility," and the real property

such structure is situated upon shall be referenced herein as the "Property"); and

**WHEREAS**, the Parties desire to compromise and fully and finally resolve

and settle all actual and potential claims or litigation between them, to avoid the

uncertainty, time and expense that would accompany such litigation; and

**WHEREAS**, the Parties have agreed to enter into this Agreement pursuant to

which each and every claim and/or cause of action asserted or that could have been

asserted by Plaintiff against Defendant shall be fully, forever, and finally released;

**NOW, THEREFORE**, in consideration of the covenants and mutual

promises and agreements contained herein, and other valuable consideration, the

sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      **Attorney's Fees and Costs**

1.1     The Parties shall execute this Agreement and Plaintiff's Counsel, The

Law Office of Craig J. Ehrlich, LLC, shall prepare a Joint Stipulation to Approve

Consent Decree and Dismiss with Prejudice ("Joint Stipulation") to be distributed

to all Parties for execution. Defendant agrees to pay to Plaintiff's Counsel, within

fourteen (14) days of the entry by the Court of the Order Approving Consent

Decree and Dismissal of Defendant with Prejudice (the "Order"), attorney's fees

2

and costs of litigation in the amount of $5,950.00 (Five Thousand Nine Hundred Fifty Dollars and No Cents). Said payment shall be made payable to "The Law Office of Craig J. Ehrlich, LLC IOLTA" and delivered to The Law Office of Craig J. Ehrlich, LLC, 1123 Zonolite Road, N.E., Suite 7-B, Atlanta, Georgia 30306.

1.2     Upon delivery to Plaintiff's Counsel of the fully executed Agreement, Plaintiff shall promptly file the Joint Stipulation to Approve Consent Decree and to Dismiss with Prejudice, attaching a copy of the fully executed Agreement and proposed order of dismissal with prejudice.

1.3     Plaintiff agrees to take any and all additional steps required to obtain dismissal of the Action as set forth above. Except as set forth herein, each Party shall be responsible for payment of his or its own litigation expenses, costs and attorneys' fees.

1.4     Plaintiff and Plaintiff's Counsel acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Payment hereunder. Plaintiff and Plaintiff's Counsel, and each of them, expressly acknowledge that Defendant has not made any representations regarding the tax consequences of any Payment received pursuant to this Agreement.

3

1.5    The Parties agree that a condition precedent for the validity of this

Agreement is the Court's retaining jurisdiction to enforce the Agreement.

**2.      Alterations or Modifications to the Facilities**

2.1    The Parties hereto acknowledge and stipulate that Defendant shall

modify or alter the items expressly identified by and in the manner specified in

Exhibit 1 and Exhibit 2. The repairs or modifications identified in Exhibit 1 shall

be completed in all respects no later than thirty-six (36) months from the entry of

the Order. The repairs or modifications identified in Exhibit 2 shall be completed

in all respects no later than sixty (60) months from the entry of the Order. The time

period for completion by Defendant shall be subject to acts of God, force majeure,

or events beyond the control of Defendant, such as inability to obtain building or

zoning permits, failure of the city/county or state inspectors to make inspections,

city/county/state   work   on   adjacent   roadways/sidewalks   which   delay

implementation of this Agreement, contractor defaults or work stoppages. In the

event of such unforeseen circumstances, the time period for completion of the

alterations or modifications in Exhibit 1 and/or Exhibit 2 shall be extended by the

number of days reasonably attributable to such delay-causing event as long as

Defendant provides notice to Plaintiff's Counsel prior to the original completion

date set forth above.

2.2    Upon completion of the alterations and modifications set forth in Exhibit 1 and Exhibit 2. Defendant shall provide written notice by certified or registered mail, or via electronic mail, to Plaintiff's Counsel.

2.3    If the modifications or alterations described in "Exhibit 1" conflict with Georgia law, building construction standards, county or city regulations or codes, or any other statute, act, law, rule, regulation, code, standard, or state or local governing body whatsoever, Defendant shall attempt to identify and implement a reasonable alternative solution or variance should a readily achievable one exist.  If any such alternative solution is applied by Defendant, Defendant agrees to notify Plaintiff's Counsel of the same.  It is a material provision of this Agreement that Plaintiff shall approve any alternative solution(s) prior to its (or their) implementation, and further, Plaintiff's approval of any alternative solution(s) proposed by Defendant shall not be unreasonably withheld.

2.4    The Parties stipulate that after Plaintiff's Counsel receives notice of the completion of the alterations or modifications described in Exhibit 1, or after the elapse of the thirty-six (36) month time period set forth in Paragraph 2.1, above, whichever is sooner, Plaintiff may inspect the Property to ensure that Defendant has completed the modifications or alterations described in Exhibit 1. Defendant shall

5

provide Plaintiff or his designated representative reasonable access to the Facility

and Property to verify completion of the work described in Exhibit 1.

2.5    The Parties stipulate that after Plaintiff's Counsel receives notice of the

completion of the alterations or modifications described in Exhibit 2, or after the

elapse of the sixty (60) month time period set forth in Paragraph 2.1, above,

whichever is sooner, Plaintiff may inspect the Facility and Property to ensure that

Defendant has completed the modifications or alterations described in Exhibit 2.

Defendant shall provide Plaintiff or his designated representative reasonable access

to the Facility and Property to verify completion of the work described in Exhibit 2.

2.6    Plaintiff's election to inspect the Facility and Property with regard to

the modifications set forth in Exhibit 1 and Exhibit 2 contemporaneously upon the

expiration of the time period applicable to Exhibit 2 (or receipt of notice from

Defendant that the modifications required as to both Exhibit 1 and Exhibit 2 have

been completed) shall not be deemed as a waiver of any right by Plaintiff to inspect

the Property pursuant to Paragraph 2.4, above, or to enforce this Agreement

pursuant to Paragraph 3, below.

2.7    If an inspection contemplated herein reveals that any of the alterations

or modifications described in Exhibit 1 or Exhibit 2 have been performed in a

manner that does not materially comply with either Exhibit 1 or Exhibit 2, Plaintiff

shall have the right to enforce this Agreement pursuant to Paragraph 3, below.

2.8     It is agreed by the Parties that upon all of the modifications being

completed as set forth in  Exhibit 1 and Exhibit 2, the Facility and Property will be

deemed fully compliant with the ADA and 2010 ADAAG standards pursuant to the

readily achievable standard.

**3.      Enforcement Provisions**

If Plaintiff contends that an inspection performed pursuant to Paragraph 2.4

or Paragraph 2.5 of this Agreement reveals that any of the alterations and/or

modifications described in Exhibit 1 or Exhibit 2have been performed in a manner

that does not materially comply with Exhibit 1 or Exhibit 2, Plaintiff shall provide

notice to Defendant via certified mail at the address listed in Paragraph 6.1, below.

Defendant shall have one hundred and twenty (120) days after receipt of such notice

to cure any alleged non-compliant alterations and modifications.  If Defendant does

not cure the alleged non-compliant alterations or modifications, Plaintiff shall have

the right to move this Court to enforce this Agreement.

**4.      Compromise**

The Parties agree and acknowledge that this Agreement is the result of a

compromise and shall never be construed as an admission of any liability,

wrongdoing, or responsibility on the part of the Released Parties (as defined in paragraph 5.1 below). Defendant expressly denies any such liability, wrongdoing, or responsibility.

**5.      Release Given By Plaintiff in Favor of Defendant**

5.1      In exchange for the good and valuable consideration set forth herein, Plaintiff and his respective agents, members, successors, assigns, parent entities, subsidiary entities, heirs, officers, predecessors, directors, affiliated persons and/or entities, and anyone claiming by or through them (collectively, the "Releasing Parties"), hereby fully and finally release, acquit, satisfy, and discharge Defendant, its agents, predecessors, successors, assigns, heirs, parent entities, subsidiary entities, officers, directors, shareholders, employees, attorneys, affiliated persons or entities, and all current and former tenants or lessees of the Facility and/or Property (collectively, the "Released Parties"), of and from any and all legal or equitable claims, demands, liabilities, debts, judgments, damages, expenses, actions, or causes of action arising under Title III of the ADA and/or any other federal, state, or local law governing access features and policies for persons with disabilities at public accommodations whether before any federal, state, or local agency, court of law, or in any other forum, and any and all claims that could have been alleged in the Action regarding the Facility and/or Property. This release also includes all

claims for attorney's fees and costs, expert fees and costs, or any other fee or cost incurred to date, with the exception of (a) the attorney's fees and costs set forth in Paragraph 1.1, above, and (b) any attorney's fees and costs resulting from any future action taken by any of the Parties to enforce the terms of this Agreement.

5.2    As a material inducement for Defendant to enter into this Agreement, Plaintiff represents and warrants that he is not aware of any pending tort, contract, or other legal claims against Defendant, other than the specific claims brought in this Action under Title III of the ADA, which are released under this Agreement.

5.3    Plaintiff represents and warrants that no portion of any of the matters released by this Agreement and no portion of any recovery or settlement to which they might be entitled have been assigned or transferred to any other person, firm, or corporation not a Party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise.

**6.    Notice**

6.1    Unless otherwise provided in this Agreement or by law, all notices or other communications required or permitted by this Agreement or by law to be served on or delivered to any Party to this Agreement shall be delivered as follows:

**To Plaintiff:**

The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E. Suite 7-B

Atlanta, Georgia 30306
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

**To Defendant:**

E. Alan Miller, Esq.
Martenson Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
eamiller@martensonlaw.com

6.2    Any Party may change such address for the purpose of this paragraph by giving timely written notice of such change to the other Parties to this Agreement in the manner provided in this paragraph.

**7.    Free Will**

The Parties acknowledge that each has had an opportunity to consult with counsel of their own choosing concerning the meaning, import, and legal significance of this Agreement, and that each has done so to the extent desired. In addition, the Parties acknowledge that they each have read this Agreement, as signified by their signatures hereto, and are voluntarily executing the same after having had the opportunity to seek the advice of counsel for the purposes and consideration herein expressed.

**8.    Miscellaneous Terms and Conditions**

8.1    This Agreement contains the complete settlement agreement between

10

the Parties. Any and all prior agreements, representations, negotiations, and understandings between the Parties, oral or written, express or implied, with respect to the subject matter hereof are hereby superseded and merged herein

8.2    This Agreement may be executed in counterparts or by copies transmitted by facsimile or email, all of which shall be given the same force and effect as the original.

8.3    This Agreement may be modified only by a written document signed by all of the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

8.4    This Agreement shall be binding upon the Parties hereto, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, attorneys, officers, families, heirs, spouses, and employees.

8.5    If any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

8.6    The Parties acknowledge that they have reviewed this Agreement in its

entirety and have had a full opportunity to negotiate its terms, and therefore waive

all applicable rules of construction that any provision of this Agreement should be

construed against its drafter and agree that all provisions of the Agreement shall be

construed as a whole, according to the fair meaning of the language used.

8.7    Plaintiff represents that, other than this Action, he has not filed or

authorized the filing of any complaints, charges, or lawsuits against Defendant with

any federal, state, or local court, governmental agency, or administrative agency

relating to the subject Facilities, and that if, unbeknownst to Plaintiff, such a

complaint, charge, or lawsuit has been filed on his behalf, he or it will use his or its

best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

8.8    The parties and their Counsel agree to execute any and all further

documents and perform any and all further acts reasonably necessary or useful in

carrying out the provisions and purposes of this Agreement.

8.9     In any action or other proceeding to enforce rights under this

Agreement, the prevailing Party shall recover from the losing party all attorneys'

fees, litigation expenses, and costs.

8.10   The Parties acknowledge that all Recitals and/or "WHEREAS" clauses

preceding Paragraph 1 are incorporated as a material part of this Agreement.

8.11   This Agreement is entered into in, and shall be governed, construed and

interpreted in accordance with the substantive laws of, the state of Georgia.

IN WITNESS WHEREOF, the Parties have executed this agreement as of the
date(s) set forth below:

**"PLAINTIFF"**

Dakota Holt

Date 01/13/20

**"DEFENDANT"**

Hebah, Inc.

By: TAKI Momin _____(Print Name)

As its: MANAGER _____(Title)

Date 01/14/20

13

## EXHIBIT 1

1.    The existing accessible parking space on the Property will be eliminated and
a new disabled accessible parking space shall be created on the Property that
complies with all provisions of section 502 of the 2010 ADAAG standards.

2.    The ground surfaces and landing of the accessible ramp on the Property will
be resurfaced or otherwise modified to remove any vertical rises in excess of
one-quarter (¼) inch in height, in compliance with sections 302, 303 and 405.4
of the 2010 ADAAG standards.

**EXHIBIT 2**

1.      Restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards will be installed at the Facility.

2.      The restroom in the Facility will be modified to provide for adequate turning space therein, in compliance with sections 304.3.1 and 304.3.2 of the 2010 ADAAG standards. In the alternative, such turning space shall be increased to the maximum readily achievable extent.

3.      The grab bars/handrails adjacent to the commodes in the accessible toilet stalls in the restrooms of the Facility will be reinstalled, modified and/or replaced so that they comply with the provisions of section 604.5 of the 2010 ADAAG standards.

4.      The mirrors in the restrooms of the Facility will be relocated within the permissible ranges set forth in section 603.3 of the 2010 ADAAG standards.